IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| United States Liability<br>Insurance Company a/s/o<br>Ahlam Musallam<br>1190 Devon Park Dr.<br>Wayne PA 19087 | <br><br><br><br>CIVIL ACTION NO.: |
|           Plaintiff, | |
| vs. | JURY DEMANDED |
| | |
| International Game Technology<br>10 Memorial Blvd<br>Providence, RI 02903; | |
| And | |
| John Does I-IV | |
|           Defendants. | |

## COMPLAINT

COMES NOW the Plaintiff, United States Liability Insurance Company ("USLI") as subrogee of Ahlam Mussallam ("insured") by and through undersigned counsel and brings this civil action against International Game Technology ("IGT") and John Does I-IV, for its causes of action states as follows:

## PARTIES

1.     Plaintiff USLI is a Pennsylvania Domestic Corporation, with a principal place of business at the above captioned address.

2.     Defendant IGT is a Rhode Island Domestic Corporation with a principal place of business at the above captioned address. IGT is in the business of manufacturing and leasing out lottery/gaming machines.

3.      Defendants John Does are believed and therefore averred to be person/entities that worked on, serviced, repaired, manufactured, licensed, sold, leased out or otherwise affected or caused the malfunction in the IGT Lottery Machine(s) that was located at plaintiff's insured premises located at 958 Ivy Ave, Newport News, VA 23607.

4.      At all times relevant hereto, USLI was approved to issue policies for real property casualty insurance within the Commonwealth of Virginia.

5.      At all times relevant hereto, USLI insured a building owned by its insured located at the address noted above ("subject property").

6.      At all times relevant hereto, Defendants owned, leased out, operated, maintained, repaired a lottery machine which was located in the NY Deli Convenience Store located at the subject property.

7.      On or about July 1, 2019, the subject property was damaged by a fire which emanated from an electrical malfunction within the said lottery machine.

## JURISDICTION

8.      At all times relevant hereto, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (Diversity of Citizenship).

9.      Additionally, the amount in controversy, as noted below, exceeds the Court's jurisdictional floor and the underlying event that gives rise to this action occurred within the jurisdiction of this court.

## STATEMENT OF FACTS

10.     The fact set forth in paragraphs 1-9 are incorporated here by reference.

11.     As noted above, on or about July 1, 2019, the subject property suffered a fire which caused extensive damage.

12.     Shortly after the fire, Plaintiff's insured initiated an insurance claim.

13.     As a result of that claim, Plaintiff paid to, or on behalf of, its insured an amount equal to or above $161,516.47.

14.     On information and belief, the fire and related damages were proximately caused by a malfunction within the IGT lottery machine.

15.     Under the doctrine of subrogation and the terms of plaintiff's insured's insurance policy, Plaintiff USLI is subrogated to the claims of its insured against the defendants named here.

## COUNT I
### *(Strict Liability)*

16.     Paragraphs 1 – 15 are incorporated by reference as if fully reinstated.

17.     At all relevant times, Defendant(s) was the designer, tester, manufacturer, assembler, distributor, and seller of products, including the subject lottery machine and placed the it into the marketplace in a defective and unreasonably dangerous condition.  The subject lottery machine was marketed, sold, distributed and used in the Commonwealth of Virginia.

18.     The lottery machine was expected to and did reach users including the NY Deli located at the subject premises without substantial change in the condition in which it was designed, manufactured, assembled, distributed, sold, rented, leased and/or supplied.

19.     At all relevant times, the lottery machine at issue was not modified, changed or abused, and was at all times relevant hereto used in the manner intended and expected by Defendant(s).

20.     Plaintiff avers that Defendant(s), through their agents, servants, workmen, and/or employees are strictly liable under the law because:

a.    The lottery machine was defective and unsafe;

b.    The lottery machine was unreasonably dangerous;

c.    The lottery machine was not safe for its intended use;

d.    The lottery machine could have been designed more safely;

e.    The lottery machine lacked the necessary safety features to make it safe for its intended use and purpose so that it could be operated in a safe manner;

f.    The lottery machine was designed, assembled, manufactured, sold, supplied and/or distributed without adequate warnings;

21.    Because of the defective design, manufacture, and production of the aforementioned aspects, components and systems of the lottery machine, specifically the electronics within it, it was inherently dangerous in its use by the consumer and should not have been placed into the stream of commerce without design and/or installation modification.

WHEREFORE, Plaintiff USLI demands judgment in its favor against the defendants in the amount equal to or above $161,516.47, plus interests, costs and such other and further relief this Court deems proper.

## COUNT II
### (*Negligence*)

22.    Paragraphs 1 – 21 are incorporated by reference as if fully restated herein.

23.    Defendants as designer, manufacturer and/or distributor of the subject lottery machine owed a duty of care to plaintiff's insured (and its tenant NY Deli) and all others potentially affected by defects in its products, to exercise reasonable care in the design, manufacture and distribution of the lottery machine at issue in this action.

24.    Defendants breached this duty of ordinary care in the following non-exclusive particulars:

a.   Placed its product into the stream of commerce when it knew, or should have known, that, through consumers' normal use of the product, the lottery machine would operate in such a manner so as to cause fire/smoke damage and thus, present an unreasonable risk of injury to consumers;

b.   Distributed, sold and/or supplied a defectively designed and/or manufactured product which it knew or should have known, subjected the premises to an unreasonable risk of harm;

c.   Failing to exercise reasonable care in the inspection and testing of the lottery machine at issue;

d.   Failing to exercise reasonable care in ensuring that the lottery machine at issue was appropriate for the uses for which it was marketed and distributed;

e.   Failing to warn others of the dangers of the lottery machine at issue and its potential to malfunction and cause fire/smoke damage, which it knew or should have known existed and created an unreasonable risk of harm to the premises; and

f.   Such other acts or omissions constituting carelessness, negligence, gross negligence, wantonness and reckless disregard of safety as may appear during the course of discovery procedures or which may be adduced at trial of this case.

25.   Because of the misconduct of Defendant(s) and the unsafe design of the lottery machine, Defendants breached a duty it owed to consumers and increased the risk of harm and injury to plaintiff's insured and its tenant.

26.   These breaches of duty were the direct and proximate causes of the fire that occurred on July 1, 2019.

WHEREFORE, Plaintiff USLI demands judgment in its favor against the defendants in the amount equal to or above $161,516.47, plus interests, costs and such other and further relief this Court deems proper.

**Jury Demand**

Plaintiff demands a jury trial on all issues triable of right to a jury of twelve.

Respectfully Submitted,

UNITED STATES LIABILITY INSURANCE
COMPANY
By Counsel

David M. Kopstein (VSB No. 29999)
dkopstein@cox.net
KOPSTEIN & ASSOCIATES, LLC
4300 Forbes Boulevard, Suite 210
Lanham, MD 20706
(301) 552-3330
(301) 552-2170 (Fax)
Counsel for Plaintiff